IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID WILKERSON,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**MARY LOFTIN,** *et al.*, )<br>)<br>**Defendants.** ) | CIVIL NO. 07-203-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

In a separate order, the Court granted Plaintiff's request to proceed *in forma pauperis*. Now before the Court is Plaintiff's motion for appointment of counsel (Doc. 5). Until the Court has completed a preliminary review of the complaint, *see* 28 U.S.C. § 1915A, this request is premature; Plaintiff has no Court deadlines to meet, no discovery to conduct, no motions from Defendants which require a response. Therefore, the motion for appointment of counsel is **DENIED** without prejudice. Once the Court has completed its preliminary review of the complaint, should any portion of this action survive, Plaintiff may renew his request at that time if he deems it necessary.

Also before the Court is Plaintiff's motion for preliminary injunction and restraining order (Doc. 6). A temporary restraining order (TRO), which is an order issued without notice to the party to be enjoined that may last no more than ten days. A TRO may issue without notice

> only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b). Without expressing any opinion on the merits of any other of Plaintiff's claims for relief, the Court is of the opinion that a TRO should not issue in this matter at this time. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*. Therefore, the request for issuance of a temporary restraining order is **DENIED**.

As for his alternate request for a preliminary injunction, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

Without expressing any opinion on the merits of any other of Plaintiff's claims for relief, the Court is of the opinion that a preliminary injunction should not issue in this matter at this time. Accordingly, this request is also **DENIED**.

**IT IS SO ORDERED.**

**DATED this 9th day of April, 2007.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**