IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID WILKERSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 07-cv-203-MJR ) |
| MARY LOFTIN, *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendants Loftin, Hardy, Stacy, Cox, McFurlan, Brook, Kim, Larson, Funk, Burns, Jennings and Wasion for deliberate indifference to his serious medical needs, in violation of his rights under the Eighth Amendment.

**COUNT 2:** Against Defendants Jennings, Lynch, Loy, Henton, Mensing, Tate and Kessel for generalized harassment.

**COUNT 3:** Against Defendants Jennings, Hall, Griffin, Simmons, Ryker, Walker and Benton for not addressing his grievances in a timely or appropriate manner.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## COUNT 1

Plaintiff states that due to a gunshot wound to his spinal cord, he has been a paraplegic since 1982. From that injury, he suffers from muscle spasms in his back, side and stomach that cause severe pain. He also is fitted with a foley tube to assist with urination. In addition, he is only able to lay comfortably on his left side, making him prone to bed sores. Since his confinement at Lawrence, he alleges that he has been denied medical treatment for each of these conditions.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate

> indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

Plaintiff makes numerous specific allegations against Defendants Loftin, Hardy, Stacy, Cox, Brook, Kim, Larson, McFurlan, Funk and Burns regarding their individual actions and inactions over a period of several months. Applying these standards to the allegations in the complaint, the Court is unable to dismiss Plaintiff's medical claims against these defendants at this time.

The same does not hold true for the allegations against defendants Jennings and Wasion. Plaintiff states that other defendants are performing secret medical tests and experiments upon him, in order to help provide cancer treatment for Jennings and Wasion; he also believes that Jennings and Wasion are part of this conspiracy to perform medical experiments upon him for their benefit.

In *Neitzke v. Williams,* 490 U.S. 319 (1989*)*, the Court noted a district court has

> the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . . [such as] claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Id.* at 327-28. Plaintiff's allegations, described above, draw just such a "fantastic or delusional scenario." The Court will not indulge him. Accordingly, Plaintiff's medical care claims against Jennings and Wasion are dismissed from this action with prejudice.

## COUNT 2

Plaintiff's next claim is that defendants Jennings, Lynch, Loy, Henton, Mensing, Tate, and Kessel have embarked upon a conspiracy of harassment against him. This harassment manifests itself in several ways: turning down the heat, performing unwarranted cell shake-downs, not allowing him out of his cell, threatening him with disciplinary action and segregation, interfering with his mail, and issuing unjustified disciplinary tickets. He claims that this campaign of harassment was initiated in retaliation for grievances he filed against them and other officers.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). However, the Seventh Circuit has clarified that in order to qualify as protected speech, an inmate's complaints or grievances must be "related to matters of public concern" rather than merely a "personal gripe" about a particular incident. *Pearson v. Welborn*, 471 F.3d 732, 740-41 (7th Cir. 2006). *See also McElroy v. Lopac*, 403 F.3d 855 (7th Cir. 2005); *Brookins v. Kolb*, 990 F.2d 308 (7th Cir. 1993).

In his complaint, Plaintiff makes no allegations regarding the nature of his grievances that were the apparent motivation for this retaliatory harassment. Thus, he has failed to allege that this harassment was initiated in retaliation for his exercise of his First Amendment rights. Furthermore, he has not alleged that he was denied any protected liberty interest or deprived of any procedural due process protections as a result of Defendants' actions. Therefore, he has failed to state a claim upon which relief may be granted, and Count 2 is dismissed from this action with prejudice.

## COUNT 3

In this claim, Plaintiff asserts that defendants Jennings, Hall, Griffin, Simmons, Ryker, Walker and Benton have not addressed his grievances in a timely or appropriate manner. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Furthermore, Plaintiff has no protected constitutional right in receiving a response to his grievances, whether favorable or otherwise. Therefore, he has failed to state a claim upon which relief may be granted, and Count 3 is dismissed from this action with prejudice.

## DISPOSITION

**IT IS HEREBY ORDERED** that **COUNT 2** and **COUNT 3** are **DISMISSED** from this action with prejudice. Also, the **medical claims in COUNT 1 against Jennings and Wasion** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **BENTON, GRIFFIN, HALL, HENTON, JENNINGS, KESSEL, LOY, LYNCH, MENSING, RYKER, SIMMONS, TATE, WALKER** and **WASION** are **DISMISSED** from this action with prejudice, as no claims remain pending against them.

Plaintiff is **ADVISED** that, within the Seventh Circuit, dismissal of these claims and defendants count as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for defendants **LOFTIN, HARDY, STACY, COX, BROOK, KIM, LARSON, MCFURLAN, FUNK** and **BURNS** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **TEN (10) USM-285 forms** with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for defendants **LOFTIN, HARDY, STACY, COX, BROOK, KIM, LARSON, MCFURLAN, FUNK** and **BURNS**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on defendants **LOFTIN, HARDY, STACY, COX, BROOK, KIM, LARSON, MCFURLAN, FUNK** and **BURNS** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service,

should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 23rd day of January, 2009.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**
