# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID WILKERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 07-cv-203-MJR |
| ) | |
| MARY LOFTIN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This action is before the Court to rule on Plaintiff's motion to reconsider (Doc. 15). Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). A motion pursuant to Rule 59(e) must be filed "no later than 10 days after entry of the judgment," while a motion pursuant to Rule 60(b) "shall be made within a reasonable time, and... not more than one year after the judgment... was entered... " Furthermore, a court "may not extend the time for taking any action under Rules .... 59(b), (d) and (e), 60(b)...." FED.R.CIV.P. 6(b); *see also Varhol v. National Railroad Passenger Corp., * 909 F.2d 1557 (7th Cir. 1990); *Nugent v. Yellow Cab Co.,* 295 F.2d 794 (7th Cir.), *cert. denied,* 368 U.S. 828 (1961).

The order in question (Doc. 11) was entered in this action on April 9, 2007, but the instant motion was not filed until February 2, 2009, almost two years later. Therefore, as either a Rule 59(e) motion or a Rule 60(b) motion, the instant motion is time-barred. Accordingly, the instant motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 2nd day of February, 2009.**

                                          **s/ Michael J. Reagan**
                                          **MICHAEL J. REAGAN**
                                          **United States District Judge**