IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID WILKERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07-cv-0203-MJR |
| | ) |
| MARY LOFTIN, ELAINE HARDY, | ) |
| ARTHUR FUNK, DENNIS LARSON, | ) |
| STACY HOMAN, MARK MCFURLAN, | ) |
| GINGER COX (n/k/a GINGER THOMAS), | ) |
| CHRISTINE BROOKS, KIM CLEVY, | ) |
| YANCI SHROYER and ROBERT BURNS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

On March 21, 2007, David Wilkerson filed suit against numerous Defendants under 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Lawrence Correctional Center. On January 23, 2009, after threshold review, the undersigned District Judge found that Wilkerson had stated a claim for deliberate indifference to his serious medical needs against Defendants Loftin, Hardy, Stacy, McFurlan, Burns, Cox, Brooks, Funk, Kim, Larson, and Sawyer (Doc. 14). The matter now proceeds on Wilkerson's Second Amended Complaint which properly identifies Defendants Ginger Cox (n/k/a Ginger Thomas), Kim Clevy and Yanci Shroyer, who were formerly identified as Cox, Kim and Sawyer (Doc. 115).[1]

This case is in a unique procedural posture. Although the case was filed more than three years ago, three Defendants, Thomas, Clevy and Shroyer, have not been served and have not

---

[1] The Court will refer to Defendants Thomas, Clevy and Shroyer by their correct names rather than further muddying the waters by referring to them in some instances as Cox, Kim and Sawyer.

appeared. Indeed, Magistrate Judge Wilkerson has issued a Report recommending that these Defendants be dismissed for failure to prosecute (Doc. 114). However, a review of the history of this action persuades the Court that a different course should be pursued.

The January 23, 2009, threshold order directed Wilkerson to complete and submit USM-285 forms for the named Defendants. The order further directed the United States Marshal to serve process on Defendants upon receipt of the USM-285 forms. A notation by the Clerk's Office shows that the requisite USM-285 forms were received from Wilkerson on February 2 for all Defendants except Shroyer. On the following day, the Clerk's Office sent requests for waiver of service, along with USM-285 forms and service packets, to the Marshals Service for all Defendants - again with the exception of Shroyer. Over the following two months, most Defendants returned executed waivers of service.

On March 24, 2009, Magistrate Judge Wilkerson granted a motion filed by the Marshals Service and directed the Illinois Department of Corrections (IDOC) to provide the last known address of Thomas (Docs. 21, 22). On August 27, 2009, the Marshals Service filed a memorandum requesting issuance of a summons and service packets for Thomas because she had not responded to the waiver forwarded to her (Doc. 58). The following day, the Clerk's Office issued a summons as to Thomas and sent the summons, USM-285 form and service packet to the Marshals Service (Doc. 59). On November 3, 2009, the Marshals Service filed Process Receipt and Return, indicating that, after an extensive name and address search, service could not be achieved with the information available (Doc. 79).[2]

---

[2] The Magistrate Judge could have ordered Wilkerson to effect service on all unserved Defendants within the prescribed amount of time, and informed Wilkerson that, if service was not effected within the prescribed time period - or additional information provided so that the Defendants could be identified and served - he would recommend that Wilkerson's claims against any unserved Defendants be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m).

On May 7, 2009, the Clerk's Office received USM-285 forms from Wilkerson as to Clevy and Shroyer. Unfortunately, the Court is unable to discern from the record that any action was taken on these 285s. There is no notation indicating that requests for waiver of service and service packets were forwarded with the 285s to the Marshals Service. Moreover, even if this were done and is simply not reflected in the record, the record is also silent as to whether the Marshals Service attempted to serve these Defendants and service could not be effectuated.

On December 1, 2009, Judge Wilkerson entered a notice of impending dismissal for failure to prosecute as to Defendants Thomas, Clevy and Shroyer (Doc. 91). The notice provided that, unless Wilkerson could provide sufficient information to enable service to be effected within 20 days (by January 7, 2010), the case would be dismissed as to these Defendants for failure to prosecute. On January 14, one week past the deadline, Defendant, through counsel (appointed October 7, 2009), responded, providing the complete names and addresses of the unserved Defendants (Doc. 116). Wilkerson asked that service be effectuated on Defendants and that his cause of action against them not be dismissed.

Rule 21 of the Federal Rules of Civil Procedure provides in relevant part, "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." **FED. R. CIV. P. 21**. Consequently, a court may sever any claim against a party and proceed with it as an individual case. Severance is appropriate when the factual basis underlying the claims is dissimilar or when severance would serve the ends of justice or lead to the efficient management of the litigation.

The Court is aware that there is a commonality of issues among all remaining

---

However, this was not done.

Defendants, served and unserved. The action proceeds solely on Wilkerson's claim of deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment. Particularly intertwined are Wilkerson's claims against Homan, Brooks, McFarland, Thomas, Clevy and Shroyer who allegedly failed to properly treat Wilkerson's decubitus ulcer. *See* Doc. 115, Second Amended Complaint.

That said, Wilkerson's claims against Homan, Brooks, McFarland, Thomas, Clevy and Shroyer are not so intertwined that resolution of the claim against one Defendant is the resolution of the claims against all. For instance, a claim against Homan is capable of resolution despite the outcome of a claim against Thomas. ***See Gaffney v. Riverboat Services of Indiana, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006)**. In this sense, the claims against Defendants are "discrete and separate." ***Id., citing Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000)**. In any event, this commonality does not warrant delay of the resolution of this matter as to the eight served Defendants, six of whom returned waivers of service more than one year ago.

Moreover, it would be unjust to dismiss Wilkerson's claims against Defendants Thomas, Clevy and Shroyer for failure to prosecute. Until the December 1, 2009, notice of impending dismissal, no warning shot was fired advising Wilkerson that his claims against these Defendants would be dismissed if he failed to provide additional identifying information and effect service. And Wilkerson provided the information one week after the deadline set by the Court. The undersigned District Judge finds that good cause exists for the short delay in identifying these Defendants, given counsel's inquiry from the IDOC and exhaustive search of public records.

On balance, the Court finds that severing the unserved Defendants from this action is appropriate in that claims against Defendants are sufficiently discrete and separate, and in that severance serves the ends of justice and materially advances efficient judicial administration.

Consequently, this Court **ORDERS** that Plaintiff's claims against Defendants Ginger Thomas, Kim Clevy and Yanci Shroyer are hereby **SEVERED** from the instant cause and shall be pursued in a new cause opened by the Clerk, along with a copy file prepared for the Court, and styled as follows: David Wilkerson, Plaintiff, v. Ginger Thomas, Kim Clevy and Yanci Shroyer, Defendants. In the file of the severed case, the Clerk shall place copies of all pleadings and orders from inception of this case to date, as well as a copy of the instant order.

To be entirely clear, the only active claims under the new case number are Wilkerson's claims against Defendants Thomas, Clevy and Shroyer for deliberate indifference to serious medical needs in violation of the Eighth Amendment. By March 19, 2010, Wilkerson shall file an amended complaint in the new action against these Defendants only. Defendants shall answer or otherwise plead within 30 days of the filing of the amended complaint.

**IT IS SO ORDERED.**

**DATED this 23rd day of February, 2010**

<u>s/Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**